IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

JOHN HERRERA,

                Plaintiff,                        No.  3:12-cv-602-HZ

     v.

STATE OF NEVADA, et al.,                OPINION & ORDER

                Defendants.

John Herrera
4788 N. Lombard St., #1
Portland, Oregon 97203

     Plaintiff Pro Se

HERNANDEZ, District Judge:

     Pro se plaintiff John Herrera brings this action against the State of Nevada and twenty-eight other defendants.  Plaintiff moves to proceed *in forma pauperis*.  Because he has no appreciable income or assets, I grant the motion.  However, for the reasons explained below, I

1 - OPINION & ORDER

dismiss the Complaint.

STANDARDS

A complaint filed *in forma pauperis* may be dismissed at any time, including before service of process, if the court determines that:

(A)  the allegation of poverty is untrue; or

(B) the action or appeal–
        (i) is frivolous or malicious;
        (ii) fails to state a claim on which relief may be granted; or
        (iii) seeks monetary relief against a defendant who is immune from such
        relief.

28 U.S.C. § 1915(e)(2); see also Neitzke v. Williams, 490 U.S. 319, 324 (1989) (sua sponte dismissals under section 1915 "spare prospective defendants the inconvenience and expense of answering" complaints which are "frivolous, malicious, or repetitive"); Lopez v. Smith, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (section 1915(e) applies to all *in forma pauperis* complaints, not just those filed by inmates).  A complaint is frivolous "where it lacks an arguable basis in law or in fact."  Neitzke, 490 U.S. at 325; Jackson v. State of Ariz., 885 F.2d 639, 640 (9th Cir. 1989).

DISCUSSION

I.  Allegations

Plaintiff's Complaint includes (1) his name and address, (2) a list of defendants without addresses, (3) references, asserted in support of federal jurisdiction, to section 1 of the Fourteenth Amendment, to clause 1 and clause 2 of section 2 of Article III of the United States Constitution, and to section 1 and section 2 of the Eleventh Amendment, and (4) under the section for relief sought, a request that the court uphold his rights as a citizen of the United States.  Also in the relief section, plaintiff asserts the conflicting statements that he seeks no monetary compensation

and that the "HIGH COURT" should hear his complaint and determine what, if any, compensation would be appropriate.  Compl. at p. 5.  He further asks that "all those who have violated" his "rights to fairness and equal protection" be brought to justice.  Id.  He requests a formal apology, presumably by defendants, to himself, his son, and the people of the State of Nevada.  Id.

In the section for "Statement of Claims," plaintiff simply states "see attached papers because I can not state 'briefly.'"  Id. at p. 3.  Attached to the Complaint is an April 5, 2012 letter to the United States District Court for the District of Oregon in which plaintiff cites to the Fourteenth Amendment, introduces himself as a citizen of the United States, and lists a series of events occurring primarily in Nevada, beginning October 7, 2010, and continuing through April 4, 2012.  He also refers to what appears to be an active custody battle for his son in Nevada, including a reference to a case pending in the Nevada Supreme Court.  Other documents include emails and letters to or from plaintiff to or from various persons or entities including the State Bar of Nevada, the Nevada Supreme Court, defendant Justice of the Peace for Lyon County, Nevada Robert Bennett, Sheriff Allen Veil, Sergeant Bryan Parsons, and Anne Laughlin.

Various legal documents are also attached to the Complaint, including a November 2010 affidavit of service of a summons and amended petition for custody on a Sarah Anne Serpa in Washoe County, Nevada, a misdemeanor warrant signed by Judge Bennett on February 2, 2012 commanding plaintiff's arrest, a criminal complaint dated February 2, 2012 signed by defendant Deputy District Attorney for Lyon County, Nevada Brian Hagen, charging plaintiff with the false report of a crime under Nevada Revised Statute 207.280, a July 2008 Order discharging plaintiff from probation which began in August 2006, and a September 2006 document submitted to

3 - OPINION & ORDER

Judge Brent Adams of Washoe County, Nevada regarding Sarah Caldwell, indicating a prior

arrest for willfully endangering a child as a result of child neglect and a recommendation from

"the Division" that she be granted a "Dishonorable Discharge" for failing to complete some sort

of "SAE" evaluation.  Finally, there are several pages of legal summaries, with no identified

source, regarding Article III of the United States Constitution and the Eleventh Amendment.

In a separate supplemental filing to the Complaint, plaintiff submitted a nine-page letter

addressed to this Judge, dated April 10, 2012, attempting to explain his case and which contains

text from various emails, along with what appears to be a letter to the Lyon County Board of

Commissioners but which bears the caption of the instant case.  He also submitted several CDs.

Based on my reading of all of these documents, it appears that plaintiff alleges that his ex-

wife Sarah Serpa who apparently has custody of the couple's minor child, has abused, or is

abusing, the child, that plaintiff's complaints and pleas to various members of the law

enforcement community to address his concerns have gone unheeded, and in addition, after

plaintiff made a report of suspected abuse, he was then charged with a misdemeanor of filing a

false crime report.  He asserts that defendants' actions have violated various provisions of the

United States Constitution.

II.  Federal Rule of Civil Procedure 8

"The Federal Rules of Civil Procedure describe 'a liberal system of notice pleading.'"

Walsh v. Nev. Dep't of Human Resources, 471 F.3d 1033, 1036 (9th Cir. 2006) (quoting

Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168

(1993)).  This notice pleading system "requires a complaint to contain (1) a statement of

jurisdiction, (2) 'a short and plain statement of the claim showing that the pleader is entitled to

4 - OPINION & ORDER

relief,' and (3) 'a demand for judgment for the relief the pleader seeks.'" Id. (quoting Rule 8(a)).

"[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. . . . Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Id. (internal quotation omitted).

The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face[,]" meaning "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (internal quotation and citation omitted). Additionally, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 679. The complaint must contain "well-pleaded facts" which "permit the court to infer more than the mere possibility of misconduct." Id.

Plaintiff fails to assert a "short and plain statement" of his claims. It is only by combing through dozens of pages of attachments as described above, that I can even attempt to discern the basis of his allegations. This alone supports dismissal. See, e.g., Archer v. City of Portland, No. 3:05-cv-25-BR, 2005 WL 1173539, at *2 (D. Or. Apr. 25, 2005) (noting that if factual elements of a cause of action are scattered throughout the complaint but are not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8(a) is proper) (citing Sparling v. Hoffman Constr. Co., 864 F.2d 635, 640 (9th Cir. 1988)).

Additionally, the Complaint has insufficient factual matter to state a claim for relief. It

contains untethered allegations, often conclusory in nature, which are so lacking in specific

factual content that the Court cannot conclude that any of the defendants are liable for

misconduct.  Thus, the Complaint fails to state a claim under <u>Iqbal</u>.

Finally, construing the documents as best as possible in support of a cognizable legal

theory or theories, the Complaint must be dismissed because, as discussed below, it fails to

establish jurisdiction and fails to state a claim for several reasons.

III.  Jurisdiction

Rule 8 requires a pleading to contain "a short and plain statement of the grounds for the

court's jurisdiction[.]"  Fed. R. Civ. P. 8(a)(1).  Federal courts are courts of limited jurisdiction.

<u>Lowdermilk v. U.S. Bank Nat'l Ass'n</u>, 479 F.3d 994, 998 (9th Cir. 2007).  Federal jurisdiction

may be based on the presence of a federal question or on diversity of citizenship.  28 U.S.C. §§

1331, 1332.

A.  Federal Question

In his Complaint, plaintiff cites three different provisions of the United States

Constitution as supporting federal question jurisdiction:  Article III, the Eleventh Amendment,

and the Fourteenth Amendment.  Compl. at p. 3.  Federal question jurisdiction is unavailable if

the federal claim upon which it is based is patently without merit.  <u>Yokeno v. Mafnas</u>, 973 F.2d

803, 808 (9th Cir. 1992).

It is unclear if plaintiff cites to Article III as general support for the position that federal

courts have jurisdiction over claims arising under the Constitution and claims between citizens of

different states, or if plaintiff believes he has been harmed because of some other unspecified

violation of Article III.  To the extent he asserts the latter, I fail to see a basis for such a claim and

dismiss it for failure to state a claim.  Lietzke v. Cnty. of Montgomery, No. 3:06-cv-1410-ST, 2007 WL 201054, at *1 (D. Or. Jan. 22, 2007) (finding no federal question jurisdiction based on assertion of "Article III" because "[t]hat constitutional provision simply defines the extent of judicial power").

As for the Eleventh Amendment, the basis for any violation of the Eleventh Amendment is not apparent from the Complaint, and, as with Article III, the Eleventh Amendment addresses the limits of judicial power and thus, does not create an individual cause of action.  I dismiss any claim based on the Eleventh Amendment.

Although the precise nature of plaintiff's Fourteenth Amendment claim is unclear, it appears to be based on an equal protection theory.  Compl. at p. 3 (citing to Section 1 of the Fourteenth Amendment); Id. at p. 5 (referring to violations of his rights to fairness and equal protection).  While the assertion of an equal protection claim pursuant to 42 U.S.C. § 1983[1] is the assertion of a federal claim for purposes of federal question jurisdiction, plaintiff fails to state an equal protection claim because he does not allege that any of the defendants acted with an intent or purpose to discriminate against him based upon his membership in a protected class.  See Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001); Barren v. Harrington, 152 F.3d 1193, 1194-95 (9th Cir. 1998).

In the April 10, 2012 letter, plaintiff also mentions the Fifth Amendment and a number of Nevada statutes.  Similar to the equal protection claim, a claim based on a violation of the Fifth

---

[1] Section 1983 supplies the cause of action for an alleged federal constitutional violation. Gonzaga Univ. v. Doe, 536 U.S. 273, 285 (2002).

Amendment's Due Process or Equal Protection Clauses is capable of supporting federal question jurisdiction. However, because the Fifth Amendment's Due Process and Equal Protection Clauses apply only to the federal government, not to state actors, and plaintiff here appears to name no federal defendants, he fails to state a Fifth Amendment claim. See Bingue v. Prunchak, 512 F.3d 1169, 1174 (9th Cir. 2008).

Finally, violation of a Nevada statute does not create a federal claim. Moreland v. Las Vegas Metro. Police Dep't, 159 F.3d 365, 371 (9th Cir. 1998) (state law violations do not, on their own, give rise to liability under section 1983); Lovell v. Poway Unified Sch. Dist., 90 F.3d 367, 370-71 (9th Cir. 1996) ("Section 1983 limits a federal court's analysis to the deprivation of rights secured by the federal "'Constitution and laws'").

The Complaint and the other documents fail to establish a valid claim capable of supporting federal question jurisdiction.

B. Diversity

Federal subject matter jurisdiction may be created by diversity jurisdiction where "the matter in controversy exceeds the sum or value of $75,000, . . . and is between . . . citizens of different States[.]" 28 U.S.C. § 1332. Plaintiff's Complaint makes no affirmative allegations of citizenship for any party. Based on plaintiff's address, I assume he is a citizen of Oregon. Based on the allegations of the Complaint and the identification of some of the individual defendants, I assume they are citizens of Nevada. While none of the claims plaintiff attempts to assert have merit or have been stated sufficiently to withstand dismissal, even assuming plaintiff could bring claims against the Nevada citizen defendants, plaintiff fails to allege that the amount in dispute is at least $75,000. Thus, on its face, the Complaint fails to establish diversity jurisdiction.

8 - OPINION & ORDER

The Complaint fails to establish federal subject matter jurisdiction.

IV.  Failure to State a Claim

Even if plaintiff could allege an equal protection claim which could withstand dismissal, it would still be dismissed for several other independent reasons.

A.  Eleventh Amendment Immunity

The Eleventh Amendment bars a citizen from bringing suit against a state, or state agency or department, in federal court.  Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984); Micomonaco v. State of Wash., 45 F.3d 316, 319 (9th Cir. 1995).  Thus, any claims against the State of Nevada, the Second Judicial District Court of the State of Nevada, the Nevada Highway Patrol, the Nevada Attorney General[2], and the Nevada Commission on Judicial Discipline, are barred.

The same Eleventh Amendment immunity that applies to a state "also shields state officials from official capacity suits."  Krainski v. Nev. ex rel. Bd. of Regents of Nev. Sys. of Higher Educ., 616 F.3d 963, 967 (9th Cir. 2010), cert. denied, 131 S .Ct. 1678 (2011).  However, a plaintiff may seek "prospective declaratory or injunctive relief against state officers in their official capacities."  Los Angeles County Bar Ass'n v. Eu, 979 F.2d 697, 704 (9th Cir. 1992).  Here, any state official sued in an official capacity is immune from liability in damages.  Plaintiff's requests that the court uphold his rights and that those who have violated his rights are brought to justice are too vague to be considered valid requests for prospective declaratory or injunctive relief.

---

[2]  Because plaintiff did not name the Nevada Attorney General individually, I construe the defendant "Nevada Attorney General" to be the Nevada Attorney General's office or department.

Thus, the Complaint fails to state a claim against the State of Nevada, any state agency, and any state official sued in an official capacity.

B.  Judicial Immunity

Plaintiff sues at least one judge:  defendant Robert J. Bennett.  Generally, judges are immune from claims for damages.  Mireles v. Waco, 502 U.S. 9, 9–10 (1991).  Judicial immunity "applies however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff."  Cleavinger v. Saxner, 474 U.S. 193, 199–200 (1985) (internal quotation omitted).  It may be overcome in only two sets of circumstances: "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity.  Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction."  Mireles, 502 U.S. at 11–12 (citations omitted).

Plaintiff alleges no exceptions to judicial immunity.  Thus, the Complaint fails to state a claim against Bennett and any other judicial officer defendant.

C.  Abstention

The Complaint alludes to two ongoing state proceedings involving plaintiff.  One is a pending case before the Nevada Supreme Court.  The other is the misdemeanor warrant for falsely reporting a crime.  Under Younger v. Harris, 401 U.S. 37 (1971), and its progeny, a federal court should abstain from hearing a case that would interfere with ongoing state proceedings.  Younger dealt with ongoing state criminal proceedings, but the Supreme Court later extended the same abstention principle to civil actions.  Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982) ("The policies underlying Younger are fully applicable to noncriminal judicial proceedings when important state interests are involved.").

Here, a full examination of Younger abstention is not possible given the lack of detail regarding the exact nature of the proceedings pending in Nevada.  I raise the issue, however, because even if plaintiff were able to plead a viable claim against non-immune defendants, it may well be subject to dismissal based on abstention principles.

D.  Municipal Liability

Plaintiff names what appear to be several municipal entities as defendants, including Lyon County, Lyon County Dispatch, Lyon County Sheriff's Department, the Third Judicial Court of Lyon County, and the Lyon County District Attorney's Office.  To state a claim under section 1983 against a municipality or a municipal agency, plaintiff must allege that "the municipality itself cause[d] the constitutional violation through 'execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy.'"  Ulrich v. City and Cnty. of San Francisco, 308 F.3d 968, 984 (9th Cir. 2002) (quoting Monell v. Department of Social Services, 436 U.S. 658, 694 (1978)).

The circumstances in which municipal liability may be found under section 1983 are "carefully circumscribed."  Fuller v. City of Oakland, 47 F.3d 1522, 1534 (9th Cir.1995). The Ninth Circuit has explained that there are three ways of establishing municipal liability in a section 1983 claim:  (1) by showing a longstanding practice or custom which constitutes the standard operating procedure of the local government entity; (2) by showing that the decision-making official was, as a matter of state law, a final policymaking authority whose edicts or acts may fairly be said to represent official policy in the area of decision; and (3) by showing that an official with final policymaking authority either delegated that authority to, or ratified the decision of, a subordinate.  Ulrich, 308 F.3d at 984–85.

11 - OPINION & ORDER

Plaintiff fails to assert any allegations in support of a municipal liability claim under Monell. Thus, all municipalities, and their agencies or departments, are dismissed.

E.  Personal Jurisdiction

To adjudicate the claims asserted by plaintiff over defendants, the court must have personal jurisdiction over the defendants.  For a court to exercise personal jurisdiction over a nonresident defendant consistent with due process, that defendant must have "certain minimum contacts" with the relevant forum "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).  Plaintiff has the burden to allege and prove sufficient facts to establish personal jurisdiction over defendants.  Brainerd v. Governors of the Univ. of Alberta, 873 F.2d 1257, 1258 (9th Cir. 1989).  "[A] federal district court can assert personal jurisdiction to the extent authorized by a particular federal statute governing service of process for the action being heard or, where no such particularized statute applies, to the extent authorized by the law of the state in which the district court sits." T.M. Hylwa, M.D., Inc. v. Palka, 823 F.2d 310, 312 (9th Cir. 1987).  Because there is no particular federal statute governing service of process for the action alleged here, Oregon law applies.

Oregon permits a court to exercise jurisdiction over any party so long as "prosecution of the action against a defendant in this state is not inconsistent with the Constitution of this state or the Constitution of the United States." Or. R. Civ. P. 4L.  Oregon's long-arm statute is coextensive with the limits of federal due process.  Gray & Co. v. Firstenberg Mach. Co., 913 F.2d 758, 760 (9th Cir. 1990).  Thus, plaintiff must establish that jurisdiction is proper under Oregon's long arm statute and that it comports with the requirements of due process.  Lake v.

Lake, 817 F.2d 1416, 1420 (9th Cir. 1987).

With respect to a defendant who does not reside in Oregon, which in this case appears to be all of the defendants, plaintiff must allege and prove that this court has either general jurisdiction or specific jurisdiction over that defendant. Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 839 (9th Cir. 1986). General jurisdiction exists when a defendant has "continuous and systematic" or "substantial" contacts with the forum state. FDIC v. British–Am. Ins. Co., 828 F.2d 1439, 1442 (9th Cir.1987); Lake, 817 F.2d at 1420. To establish specific jurisdiction, a three-part test must be satisfied: "1) the nonresident defendant must have purposefully availed himself of the privilege of conducting activities in the forum by some affirmative act or conduct; 2) plaintiff's claim must arise out of or result from the defendant's forum-related activities; and 3) exercise of jurisdiction must be reasonable." Roth v. Garcia Marquez, 942 F.2d 617, 620–21 (9th Cir. 1991) (citations omitted).

All of the defendants appear to reside in Nevada. Yet, plaintiff fails to allege any act or conduct by any of the defendants in Oregon. In the absence of any attempt to show that defendants have sufficient contacts with Oregon to establish general jurisdiction, or that defendants purposefully availed themselves of the privilege of conducting activities in Oregon, it is clear from the face of the Complaint that this Court lacks personal jurisdiction over all of the defendants and the claims must be dismissed. See, e.g., Sanders v. United States, 760 F.2d 869, 871-72 (8th Cir. 1985) (affirming dismissal under 28 U.S.C. § 1915 for want of personal jurisdiction).

V.  Leave to Amend

A pro se litigant must be given leave to amend his or her complaint unless it appears the

13 - OPINION & ORDER

deficiency cannot be cured by amendment. <u>James v. Giles</u>, 221 F.3d 1074, 1077 (9th Cir. 2000) (citations omitted). Viewing all of the allegations in the Complaint and the supporting and supplemental documents as true, and construing all inferences in plaintiff's favor, I concludes that the deficiencies in the Complaint cannot be cured by amendment. Plaintiff cannot sue for violations of Article III or the Eleventh Amendment. He cannot sue state actors for a violation of the Fifth Amendment. He cannot sue the State of Nevada, its agencies, or its officials for damages in this Court. And, he can plead no claim as to any of the defendants because they all reside in Nevada and there is no basis for this Court to exercise personal jurisdiction over them.

VI.  Motion to Appoint Counsel

Finally, plaintiff moves for a court appointed attorney. There is no constitutional right to counsel in a civil case. <u>United States v. 30.64 Acres of Land</u>, 795 F.2d 796, 801 (9th Cir. 1986). However, pursuant to 28 U.S.C. § 1915(e), this court has discretion to request volunteer counsel for indigent parties in exceptional circumstances. <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335 (9th Cir. 1990); <u>Wilborn v. Escalderon</u>, 789 F.2d 1328, 1331 (9th Cir. 1986). While this court may request volunteer counsel in exceptional cases, it has no power to make a mandatory appointment. <u>Mallard v. United States Dist. Ct. of Iowa</u>, 490 U.S. 296, 301-08 (1989).

In order to determine whether exceptional circumstances exist, this court evaluates the party's likelihood of success on the merits and the ability of the party to articulate his or her claim pro se in light of the complexity of the legal issues involved. <u>Wood</u>, 900 F.2d at 1335-36; <u>Wilborn</u>, 789 F.2d at 1331; <u>Richards v. Harper</u>, 864 F.2d 85, 87 (9th Cir. 1988) (quoting <u>Weygandt v. Look</u>, 718 F.2d 952, 954 (9th Cir. 1983)). However, "[n]either of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel

under section 1915(d)." <u>Wilborn</u>, 789 F.2d at 1331; <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991).

Here, it is inappropriate to consider plaintiff's request when the Court is dismissing the case.  I deny the motion for appointment of counsel.

CONCLUSION

Plaintiff's motion to proceed *in forma pauperis* [1] is granted.  Plaintiff's motion for appointment of counsel [3] is denied.  The Complaint is dismissed with prejudice.

IT IS SO ORDERED.

Dated this __30th___ day of __April_____, 2012

_/s/ Marco A. Hernandez_____
Marco A. Hernandez
United States District Judge

15 - OPINION & ORDER